**Adolfo Valenzuela AVILA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73939.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 2, 2008.

Adolfo Valenzuela Avila, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Jennifer L. Lightbody, Esq., Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stephen J. Flynn, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: REINHARDT, LEAVY, and CLIFTON, Circuit Judges.

MEMORANDUM **

Adolfo Valenzuela Avila, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' denial of his motion to reopen as untimely. In the motion to reopen, petitioner sought to apply for protection under the Convention Against Torture ("CAT") following the denial of his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Petitioner contends that his motion to reopen was timely because there is no time limit for a motion to reopen that seek relief under CAT and because he only recently became aware of government-sponsored torture in Mexico. Petitioner filed his motion to reopen outside the ninety-day time limit set forth in 8 C.F.R. § 1003.2(c)(2). In addition, petitioner failed to present material evidence of changed country conditions that was not available and could not have been presented at the previous proceeding. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *He v. Gonzales,* 501 F.3d 1128, 1131–32 (9th Cir.2007). The BIA, therefore, did not abuse its discretion in denying the motion to reopen as untimely.

Petitioner also contends that he established a prima facie case of eligibility for CAT relief. The generalized evidence attached to his motion does not meet this standard. *See Nuru v. Gonzales,* 404 F.3d 1207, 1216 (9th Cir.2005).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

